**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN DIAZ,

     Plaintiff,

vs.                                    No. CIV 24-0613 JB/LF

MICHELLE LUJAN-GRISHAM,
ALISHA TAFOYA, and NEW MEXICO STATE
PAROLE BOARD,

     Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court following the Plaintiff John Diaz' failure to prosecute his Complaint for Violation of Civil Rights, filed September 24, 2024 (Doc. 3)("Amended Complaint").   The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Diaz to submit an inmate account statement, as 28 U.S.C. § 1915(a) requires.   <u>See</u> Order to Cure Deficiency, filed May 7, 2025 (Doc. 5)("Cure Order").   Because Diaz has not complied with the Cure Order or updated his address, the Court dismisses this case without prejudice.

### <u>BACKGROUND</u>

Diaz commenced this case on June 14, 2024, while incarcerated at Western New Mexico Correctional Facility in Grants, New Mexico.   <u>See</u> Civil Rights Complaint, filed June 14, 2024 (Doc. 1)("Complaint").   On September 24, 2024, Diaz filed an Amended Prisoner Civil Rights Complaint.   <u>See</u> Amended Complaint at 1.   Construed liberally, the Amended Complaint alleges violations of Diaz' Constitutional rights based on the conditions of his confinement and relating to his parole.   <u>See</u> Amended Complaint at 12-13.   Diaz also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed September 24, 2024 (Doc. 4)("IFP Motion").

Diaz does not attach to the IFP Motion "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ."   28 U.S.C. § 1915(a)(2).   Section 1915(a)(2) requires the six-month account statement in all cases where, as here, "[a] prisoner seek[s] to bring a civil action without prepayment of fees of security therefor . . . ."   28 U.S.C. § 1915(a)(2).

The Court referred this matter to Magistrate Judge Fashing for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed June 18, 2024 (Doc. 2).   By an Order entered May 7, 2025, Magistrate Judge Fashing directed Diaz to submit an inmate account statement reflecting transactions for a 6-month period. Cure Order at 1.   Magistrate Judge Fashing set a deadline of June 6, 2025, for Diaz to submit the account statement.   Cure Order at 1.   The Cure Order warns that the failure to comply timely may result in the dismissal of this action without further notice.   Cure Order at 1.

Diaz has not submitted a 6-month account statement, shown cause for such failure, or otherwise responded to the Cure Order, which was returned as undeliverable.   See Returned Envelope, filed May 28, 2025 (Doc. 6).   Diaz has not advised the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires.   D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6.   The Court therefore considers whether to dismiss this case for failure to prosecute and to failure to comply with the Court's rules and the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See AdvantEdge Bus. Grp. v. Thomas E.

Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009).   As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."   Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious, 492 F.3d at 1162.   Those criteria include: "'the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.'"   Nasious, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).

Here, Diaz has not filed a 6-month inmate account statement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require.   He also has severed contact with the Court and has not provided an updated address, as D.N.M. LR-Civ. 83.6 requires.   In light of these failures, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute and to comply with rules and orders.   See

Olsen v. Mapes, 333 F.3d 1199 at 1204.   After considering the Nasious factors, the dismissal is without prejudice.   The Court also denies Diaz' pending IFP Motion, which is now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Complaint for violation of Civil Rights, filed September 24, 2024 (Doc. 3), is dismissed without prejudice; (ii) his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed September 24, 2024 (Doc. 4) is denied; and (iii) the Court enters a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

John Diaz
Grants, New Mexico

*Plaintiff, pro se*

- 4 -